UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>JUAN PACO CAMPOS,<br><br>                    Defendant. | No. 2:08-CR-06088-EFS-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE CONVICTION AND FOR IMMEDIATE RELEASE** |

Before the Court is Defendant Juan Paco Campos's Motion to Vacate Conviction in Light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and for Immediate Release, ECF No. 72. On August 16, 2016, the Court held a hearing on this matter. *See* ECF No. 82. Ms. Alison Guernsey appeared on behalf of Mr. Campos, who was not present for the hearing, and Mr. Thomas J. Hanlon appeared on behalf of the United States Attorney's Office (USAO). *See* ECF No. 82. After taking the matter under advisement, the Court denies Mr. Campos's Motion for the reasons articulated below.

**I.    FACTUAL BACKGROUND**

In November 2008, the USAO filed an indictment containing two charges. Count 1 alleged Mr. Campos "did unlawfully take and obtain property consisting of United States Currency, from S.K., an employee of Lucky Food Mart against her will by means of actual and threatened

ORDER - 1

force, violence, and fear of injury, immediate and future, to her person; all in violation of Title 18, United States Code, Section 1951" (Hobbs Act Robbery). ECF No. 1.  Count 2 alleged Mr. Campos knowingly discharged a firearm "during and in relation to a crime of violence for which he maybe [sic] prosecuted in a court of the United States, that is, Interference with Commerce by Robbery, in violation of Title 18, United States, Section 1951; all in violation of Title 18, United States Code, Section 924(c)(1)(A)." ECF No. 1.

In August 2009, Mr. Campos entered a plea agreement based on the following agreed-upon facts:

> On September 22, 2008, the Defendant entered the Lucky Food Mart . . . a convenience store [that] provides goods for sale.  The goods which are provided for sale travel in interstate commerce.
> The Defendant approached the store clerk and brandished a firearm.  The Defendant demanded that the store clerk hand over money from the register.  The store clerk glanced at the Defendant, looked down, and failed to open the register. The Defendant then pointed his firearm at the counter and discharged a round.  The round struck the front counter.  The store clerk then immediately emptied the cash drawer which contained less than three-hundred dollars.  The store clerk handed the money to the Defendant.  The Defendant then quickly exited the store, entered his vehicle, and left the area.  The entire incident was captured on video tape.
> . . . [Police] stopped the vehicle and apprehended the Defendant.  Shortly after the arrest, the Defendant was advised of his Miranda rights.  The Defendant waived his rights and agreed to speak with the law enforcement officers. The Defendant stated that he had a fight with his girlfriend. The Defendant stated that he then went to a friend's house to obtain cocaine.  The Defendant stated that he was unable to complete the cocaine deal, so he went the Lucky Food Mart and committed a robbery.  The Defendant stated that he then hid the firearm at the home of his friend.

ECF No. 45.

/

ORDER - 2

Pursuant to the plea agreement, Mr. Campos pled guilty to Count 2, using a firearm in a crime of violence; the USAO moved to dismiss Count 1, the underlying Hobbs Act Robbery charge; and both parties recommended the mandatory minimum sentence of 10 years' imprisonment. ECF Nos. 45, 49 & 51. Finding it to be sufficient but not greater than necessary to serve the goals and purposes of sentencing, the Court imposed a 10-year sentence, noting that "Defendant is an admitted gang member and committed this very serious offense during which he fired a weapon in the direction of an innocent person." ECF Nos. 57 & 58.

Mr. Campos now believes he is serving an illegal and unconstitutional sentence. ECF No. 72 at 28. He filed this Motion pursuant to 28 U.S.C. § 2255, and is asking the Court to vacate his sentence and order that he be released. ECF No. 72 at 28.

## II. ANALYSIS

### A. Defendant's Collateral Attack Waiver

As a preliminary matter, the Court considers and rejects the USAO's position that Mr. Campos waived the right to bring this Motion in the first place. *See* ECF No. 77 at 2–3. Mr. Campos's plea agreement did include a provision that waived his right to appeal or collaterally attack his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 45 at 8. Such appeal waivers, however, are not applicable when a defendant's sentence violates the Constitution. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). As Mr. Campos attacks his sentence and underlying conviction on constitutional grounds, the Court will address the merits of his arguments.

/

ORDER - 3

**B. Categorical Approach**

For Mr. Campos's conviction and sentence to stand, he must have discharged a firearm during and in relation to a "crime of violence."[1] *See* 18 U.S.C. § 924(c)(1)(A)(iii). To determine whether Hobbs Act Robbery constitutes the requisite underlying crime of violence, the Court looks to the "categorical approach" as laid out in *Taylor v. United States*, 495 U.S. 575 (1990). *See United States v. Benally*, No. 14-10452, 2016 WL 4073316, at *2 (9th Cir. Aug. 1, 2016). Under this approach, the Court cannot look to the particular facts surrounding the conviction, but must instead "compare the elements of the statute forming the basis of the defendant's conviction with the elements of" a crime of violence. *Id.* (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)). Thus, to categorically be a crime of violence under § 924(c), Hobbs Act Robbery cannot punish any conduct that falls outside § 924(c)(3)'s definition. *See Benally*, 2016 WL 4073316, at *2.

**C. Definition of "Crime of Violence"**

As relevant here, "crime of violence" is defined by 18 U.S.C. § 924(c)(3):

> [T]he term "crime of violence" means an offense that is a felony and--

---

[1] Notably, the statutory language does not appear to require that the defendant have been convicted — or even charged — with a crime of violence. *See* 18 U.S.C. § 924(c)(1)(A) (applying to "any person who, during and in relation to any crime of violence . . . *for which the person may be prosecuted* in a court of the United States, uses or carries a firearm") (emphasis added). However, the Court does not reach whether this distinction is relevant, as neither party addressed the issue.

ORDER - 4

      (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
      (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Mr. Campos argues that § 924(c)(3)(B) — the "risk-of-force clause" — suffers from the same constitutional infirmities for which the Supreme Court struck the Armed Career Criminal Act's residual clause in *Johnson v. United States* (*Johnson II*), 135 S. Ct. 2551 (2015). This Court, however, need not decide whether *Johnson II* renders the risk-of-force clause unconstitutionally vague. Instead, it is sufficient that the Court finds Hobbs Act Robbery qualifies as a crime of violence under § 924(c)(3)(A) — the "element-of-force clause."[2]

**D.  The "Physical Force" Requirement**

According to Mr. Campos, the Hobbs Act definition of robbery is too broad to match § 924(c)(3)'s element-of-force clause under the categorical approach. *See* ECF No. 72 at 9. Specifically, he asserts that Hobbs Act Robbery might be committed without using or threatening "physical force" as required by § 924(c)(3), and posits that Hobbs Act Robbery does not require sufficiently "violent" force in light of *Johnson v. United States* (*Johnson I*), 559 U.S. 133 (2010). He also hypothesizes that by placing another in fear of injury to property,

---

[2] The parties refer to § 924(c)(3)(A) and (B) as the "force clause" and the "residual clause," respectively. *See* ECF Nos. 72 & 77. However, the Court believes the terms "element-of-force clause" and "risk-of-force clause" to be more accurate and precise.

ORDER - 5

threatening to poison someone, or by using "minimal force," a defendant might commit Hobbs Act Robbery without needing to threaten or use such physical force. ECF No. 72 at 11–16.

### 1. **Applicability of *Johnson I***

In *Johnson I*, the Supreme Court held that "physical force" — in the context of defining "violent felony" under § 924(e)(2)(B)(i) — means "violent force — i.e., force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 138.  Even assuming the *Johnson I* definition of physical force applies here, however, the statutory language, Ninth Circuit case law, and decisions from other jurisdictions make it clear that Hobbs Act Robbery nonetheless constitutes a crime of violence under § 924(c)(3)'s element-of-force clause.

### 2. **The Statutory Language**

The statutory language strongly suggests that the type of force required to commit Hobbs Act Robbery qualifies as "physical force" under § 924(c)(3)'s element-of-force clause.  After all, the Hobbs Act has its own specific definition of "robbery" in 18 U.S.C. § 1951(b)(1):

> The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

This definition is flush with terms that connote close physical proximity and violence; in context, the statute's "actual or threatened

ORDER - 6

force" or "fear of injury" are clearly envisioned as physical in nature.[3] *Cf.* Black's Law Dictionary (10th ed. 2014) (defining "force" as "[p]ower, violence, or pressure directed against a person or thing" and defining both "actual force" and "physical force" as "[f]orce consisting of a physical act, *esp. a violent act directed against a robbery victim*" (emphasis added)). And because intentionally or knowingly causing physical injury necessarily involves the use of physical force, *see United States v. Castleman*, 134 S. Ct. 1405, 1414, 1417 (2014), it logically follows that even a defendant who used "fear of injury" to commit Hobbs Act Robbery can be said to have "threatened use of physical force against the person or property of another." *See* 18 U.S.C. § 924(c)(3)(A).

### 3. Hobbs Act Robbery in the Ninth Circuit

Perhaps most importantly, Ninth Circuit precedent shows Hobbs Act Robbery includes an element of physical force. Contrary to Mr. Campos's assertions, *United States v. Mendez* does not hold that Hobbs Act Robbery only qualifies as a crime of violence under § 924(c)(3)'s risk-of-force clause. *See* 992 F.2d 1488 (9th Cir. 1993). Instead, *Mendez* held *conspiracy* to commit Hobbs Act Robbery qualified as a crime of violence under § 924(c)(3)'s risk-of-force clause; it did not address whether

---

[3] The particular language used in the Hobbs Act to define "robbery" gains even more significance when contrasted with the Act's companion definition of "extortion." For instance, the definition of "robbery" contains words such as "*taking* or obtaining" instead of just "obtaining," "*personal* property" rather than merely "property," and "fear of *injury*" in lieu of simply "fear." *Cf.* 18 U.S.C. § 1951(a), (b) (emphasis added.)

ORDER - 7

such a *conspiracy* would also fall under the element-of-force clause. *See id.* at 1491.  Moreover, *Mendez* shows that commission of Hobbs Act Robbery qualifies as a crime of violence under § 924(c)(3)'s element-of-force clause.  The *Mendez* court stated, "Robbery indisputably qualifies as a crime of violence," and specifically cited to Hobbs Act Robbery as "containing [an] element of 'actual or threatened force, or violence.'" *Id.*

The bulk of Mr. Campos's arguments were also recently rejected by the Ninth Circuit in the unpublished decision *United States v. Howard*, 2016 WL 2961978, *2 (9th Cir. May 23, 2016).  In *Howard*, the Ninth Circuit held that Hobbs Act Robbery is categorically a crime of violence under § 924(c)(3)'s element-of-force clause, even if accomplished by means of "fear of injury." *See id.*  And though the *Howard* court took no position on whether Hobbs Act Robbery may be accomplished through a de minimis use of force, Mr. Campos has not demonstrated any realistic probability that Hobbs Act Robbery could be committed in such a manner. *See United States v. Hill*, No. 14-3872-CR, 2016 WL 4120667, at *4 (2d Cir. Aug. 3, 2016) ("[T]here must be 'a realistic probability, not a theoretical possibility,' that the statute at issue could be applied to conduct that does not constitute a crime of violence." (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 184 (2007))).

**4.     Hobbs Act Robbery in Other Jurisdictions**

Many other jurisdictions also continue to characterize Hobbs Act Robbery as a crime of violence under § 924(c), even after *Johnson II*. For example, The Second Circuit recently indicated it agreed with the Ninth Circuit that Hobbs Act Robbery falls under § 924(c)(3)(A). *See*

ORDER - 8

*Hill*, 2016 WL 4120667, *7 (citing *Howard*, 2016 WL 2961978). The Seventh Circuit has affirmed the convictions of defendants who pled guilty to Hobbs Act Robbery and brandishing a firearm during a crime of violence. *See United States v. Ikegwuonu*, No. 15-2407, 2016 WL 3228428 (7th Cir. June 13, 2016). The Eighth Circuit has noted more than once that Hobbs Act Robbery falls under § 924(c)(3)(A). *See, e.g.*, *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016). And, according to the Eleventh Circuit, "the substantive offense of Hobbs Act robbery still qualifies as a valid companion conviction notwithstanding *Johnson*." *In re Chance*, No. 16-13918-J, 2016 WL 4123844, at *2 (11th Cir. Aug. 2, 2016).

Indeed, in *Hill* — a decision this Court finds particularly well-reasoned and persuasive — the Second Circuit Court of Appeals rejected arguments nearly identical to those made by Mr. Campos. As the court in *Hill* noted, even assuming arguendo that *Johnson I* governs "physical force" under § 924(c)(3), it "means no more nor less than force capable of causing physical pain or injury to a person *or* injury to property;" it encompasses even indirect applications such that it may be accomplished by "threatening to poison a victim, rather than to shoot him." *See Hill*, 2016 WL 4120667 at *5-6; *see also United States v. Castleman*, 134 S. Ct. 1405, 1414 (2014) ("[A]s we explained in *Johnson* [*I*], 'physical force' is simply 'force exerted by and through concrete bodies,' as opposed to 'intellectual force or emotional force.' And the common-law concept of 'force' encompasses even its indirect application." (citing *Johnson I*, 559 U.S. at 138)).

//
/

ORDER - 9

### III. CONCLUSION

The Court finds that Hobbs Act Robbery under 18 U.S.C. § 1951(b)(1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," and thus qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). Therefore, Mr. Campos violated 18 U.S.C. 924(c)(1)(A)(iii) when he discharged a firearm during and in relation to committing Hobbs Act Robbery; his conviction and sentence stand.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate Conviction in Light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and for Immediate Release, **ECF No. 72**, is **DENIED**.

2. This file shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the United States Probation Office, and the United States Marshals Service.

**DATED** this ___13th_____ day of September 2016.

_____s/Edward F. Shea_____
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Criminal\2008\Campos;08CR6088.Deny.Johnson.LC1.docx

ORDER - 10